83,787-02

<u>IN THE COURT OF CRIMINAL APPEALS FOR THE</u>

<u>STATE OF TEXAS</u>

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 18 2015

Abel Acosta, Clerk

Case No. 1445929

1445930

1446657

Ex parte,

<u>Overille Denton Thompson,</u>

<u>Plaintiff,</u>

The Court of

V.                                            Criminal Appeals

<u>Susan Brown,</u>                         Austin, Texas

<u>Defendant</u>

<u>Motion for Leave to File Application for Writ of</u>

<u>Habeas Corpus</u>

To the Honorable Judges of this Court:

Plaintiff, Overille Denton Thompson, Ex parte, files this motion for leave to file an application for writ of habeas corpus pursuant to Rule 72.1 of the Texas Rules of Appellate Procedure, and in support shows the Court the following:

1. Plaintiff, Overille Denton Thompson, respectfully requests that this Court grant him leave to file the attached Application for Writ of Habeas Corpus to hold Defendant, Susan

Page 1 of 5

Brown, Honorable Judge of the 185th Judicial District Court of Harris County, Texas currently presiding in Cause Numbers 1445929, 1445930, and 1446657, styled State of Texas v. Averille Thompson, in contempt of court for disobeying writ and fine her as penalty for such.

2. Plaintiff's motion for leave to file an application for writ of habeas corpus stems from Defendant's failure to obey writ for the Plaintiff's past petitions and applications for writ of habeas corpus filed individually for each of the above-captioned case numbers on May 29, 2015, July 1, 2015, and August 20, 2015. Copies of these documents are not hereto attached because of the Plaintiff's inability to acquire such due his confinement, but evidence of these submissions can be obtained by accessing the website of Chris Daniel, Harris County District Clerk, and court record of the 185th Judicial District Court of Harris County, Texas; in addition, copies of the Plaintiff's last submissions to trial court on August 20, 2015 were mailed to the Court of Criminal Appeals. To satisfy the Court's exhibit requirements of these documents, Plaintiff has incorporated in the Appendix of the Application an affidavit to this effect.

3. Defendant by disobeying writ is violating Plaintiff's constitutional and statutory rights in keeping him unfairly deprived of liberty, which is not just contempt of court but also a malicious criminal act of tampering according to lawful definition, and for such is liable to fines in a civil action at the suit of Plaintiff brought in the Application hereto attached.

4. As demonstrated by the accompanying application, Defendant's refusal to obey writ constitutes a clear abuse of discretion and a denial of Plaintiff's rights.

5. In light of the clear abuse of discretion committed by Defendant, Plaintiff files this Motion for Leave to File Application for Writ of Habeas Corpus to seek appropriate relief

in civil suit, as set out more fully in the attached Application and supporting documents.

6. Despite Plaintiff's clear right to relief and repeated requests that Defendant recognize his right to be heard in these three (3) matters, the Defendant has failed or refused to act appropriately.

7. Plaintiff has no other adequate remedy at law, other than the issuance of a writ of habeas corpus to hold the Defendant liable for contempt of court and penalized for such in civil suit brought by Plaintiff.

Therefore, Plaintiff, Overille Denton Thompson, prays that the Court grant this leave to file his Application for Writ of Habeas Corpus, that the matter be set and heard, and on final hearing Plaintiff be granted the relief requested, and any other relief to which he is entitled

Respectfully submitted,

Overille D. Thompson, Jr.
Plaintiff

VERIFICATION

STATE OF TEXAS

COUNTY OF HARRIS

Overille Denton Thompson, being duly sworn, under oath says:

"I am the applicant in this action and know the contents of the above Motion for Leave to File Application for Writ of Habeas Corpus in the Court of Criminal Appeals, and according to my belief, the facts stated in the Application are true."

L. JAMES
Notary Public
STATE OF TEXAS
Commission Exp. OCT. 29, 2017
NOTARY PUBLIC
STATE OF TEXAS

_Overille R. Thompson Jr._
Signature of Applicant

SUBSCRIBED AND SWORN TO BEFORE ME THIS 3 DAY OF September, 2015.

Signature of Notary Public

Case No. 1445929

1445930

1446657

Ex parte,

Overille Denton Thompson,

Plaintiff,                                          The Court of

    V.                                             Criminal Appeals

Susan Brown,                                        Austin, Texas

Defendant.

Certificate of Service

   I, Overille Denton Thompson, certify that on <u>September 11, 2015</u>, a true copy of a motion for leave to file an application for writ of habeas corpus has been served on the Court of Criminal Appeals in Austin, Texas by U.S. Mail.

                                        Overille D. Thompson, Jr.
                                        Overille Denton Thompson, Jr.

# IN THE COURT OF CRIMINAL APPEALS FOR THE STATE OF TEXAS

Case No. 1445929
1445930
1446657

## Plaintiff Overille Denton Thompson's Application for Writ of Habeas Corpus

## Table of Contents

1. Index of Authorities ............................................ pages iii - iv

2. Title Page : Heading and Statement of Case ............... Page 1

3. Statement of Jurisdiction ................................... Page 2

4. Issues Presented ............................................. Page 2

5. Facts ........................................................ Pages 3-8

6. Argument ..................................................... Pages 9-10

7. Prayer ....................................................... Page 11

8. Verification                Page 12

9. Certificate of Service        Page 13

10. Certificate of Compliance      Page 14

11. Appendix                 Pages 15 - 20

## Index of Authorities

1. Article I §3 of the Texas Constitution — Pages 9, 10, 15
2. Article I §3a of the Texas Constitution — Pages 9, 10, 15
3. Article I §8 of the Texas Constitution — Pages 9, 10, 15
4. Article I §9 of the Texas Constitution — Pages 10, 15
5. Article I §10 of the Texas Constitution — Pages 9, 10, 15
6. Article I §12 of the Texas Constitution — Pages 10, 15
7. Article I §13 of the Texas Constitution — Pages 9, 10, 15
8. Article I §19 of the Texas Constitution — Pages 9, 10, 15
9. Article 5 §5 of the Texas Constitution — Pages 9, 15
10. Article 5 §8 of the Texas Constitution — Pages 9, 10, 16
11. Article 11.01 of the Texas Code of Criminal Procedure — Pages 9, 10, 16
12. Article 11.05 of the Texas Code of Criminal Procedure — Pages 9, 10, 16
13. Article 11.10 of the Texas Code of Criminal Procedure — Pages 9, 10, 16
14. Article 11.11 of the Texas Code of Criminal Procedure — Pages 9, 10, 16
15. Article 11.13 of the Texas Code of Criminal Procedure — Pages 9, 10, 16
16. Article 11.35 of the Texas Code of Criminal Procedure — Pages 9, 16
17. Article 11.40 of the Texas Code of Criminal Procedure — Pages 9, 10, 16
18. Article 11.43 of the Texas Code of Criminal Procedure — Pages 9, 10, 16
19. Article 11.46 of the Texas Code of Criminal Procedure — Pages 9, 10, 17
20. Article 11.60 of the Texas Code of Criminal Procedure — Pages 9, 17
21. Article 38.23 of the Texas Code of Criminal Procedure — Pages 9, 10, 17
22. Edward v. State — Pages 10, 17
23. Ex parte Ramzy — Pages 10, 17

24. Eighth Amendment of the United States Constitution      Pages 9, 10, 17

25. Fifth Amendment of the United States Constitution      Pages 9, 10, 17

26. First Amendment of the United States Constitution      Pages 9, 10, 17

27. Fourteenth Amendment of the United States Constitution      Pages 9, 10, 17

28. Fourth Amendment of the United States Constitution      Pages 9, 10, 17

29. Harbison v. McMurray      Pages 10, 18

30. McGee v. State      Pages 10, 18

31. Sixth Amendment of the United States Constitution      Pages 9, 10, 18

32. Texas Penal Code §37.09      Pages 9, 10, 18

33. Texas Penal Code §37.10      Pages 9, 10, 18

# IN THE COURT OF CRIMINAL APPEALS FOR THE

## STATE OF TEXAS

Case No. 1445929
1445930
1446657

Ex parte,
Overille Denton Thompson,
Plaintiff,

    v.

Susan Brown
Defendant.

The Court of
Criminal Appeals
Austin, Texas

## Plaintiff Overille Denton Thompson's Application for
## Writ of Habeas Corpus
Tex. Crim. Proc. Ann. Art. 11.35

To the Honorable Judges of this Court:

Plaintiff, Overille Denton Thompson, Ex parte, being duly deprived of his liberty without due process of law, files this Application for Writ of Habeas Corpus pursuant to Article 11.35 of the Texas Code of Criminal Procedure to penalize Defendant, Susan Brown, Honorable Judge of the 185th Judicial District Court of Harris County, Texas, for disobeying writ in this civil action brought at suit of Plaintiff for each of these three (3) cases, and in support shows the Court the following:

## Statement of Jurisdiction

The Court of Criminal Appeals has the jurisdiction to issue this Writ of Habeas Corpus to hold in contempt of court for disobeying writ the Defendant, Susan Brown, Honorable Judge of the 185th Judicial District Court of Harris County, Texas, thereby penalizing her for such action appropriately by fine and making such fine payable to Plaintiff, Overille Denton Thompson, for his illegal detention.

## Issues Presented

Defendant, Susan Brown, with apparent disregard Plaintiff, Overille Denton Thompson's constitutional and statutory rights, has unfairly over burdened Plaintiff's case load and kept him wrongly remanded to oppressive illegal restraint by not answering the writ; wherein so doing, Defendant may be deliberately aiding and abetting State prosecutor(s) to affect the outcome of Plaintiff's criminal procedure by suspending indefinitely due process of law in these three (3) cases, which is in fact not just contempt of court but also a criminal act of tampering. Plaintiff wishes to make clear to the Court Defendant's abuse of discretion, so as to enable the Court to hold Defendant accountable for such.

## Facts

1. On or around October 20, 2015, fabricated physical evidence, namely an AFFIDAVIT, was presented to Harris County Criminal Law Officer, Ronald Nicholas, who negligently authorized issuance of a search warrant to illegally enter 2505 Mckee Street, Houston, Texas 77009. Peace Officer Bryan A. Davis, purported author of said document, did present such as a legitimate government record knowing it's falsity, thereby committing a criminal act of tampering. This account has culminated into the unlawful oppressive detention of Plaintiff, Overille Denton Thompson, for the following:

   a. Possession With Intent to Deliver a Controlled Substance Penalty Group 1 4≤ 200 Grams,

   b. Felon in Possession of Firearm, and

   c. Possession of a Controlled Substance - With Intent to Deliver - Penalty Group 2 or 2-A 4≤ 400 Grams.

   This evidence was gathered unconstitutionally and do constitute "fruits of a poisonous tree" therefore cannot be used at trial against the Plaintiff.

2. Defendant, Susan Brown, Honorable Judge of the 185th Judicial District Court of Harris County, Texas, does have clear full knowledge of the preceding through Plaintiff Overille Denton Thompson's properly filed documents listed as follows:

   a. Petition for Writ of Habeas Corpus for Bond submitted once on 5/29/15 and again on 7/1/15,

   b. Motion for Evidentiary Hearing submitted once on 6/11/15 and again on 6/23/15, and

c. Motion to Dismiss submitted on 7/10/15.

On each occasion Plaintiff's right to be heard has been duly ignored him by Defendant.

3. On March 23, 2015, a suppression motion was submitted in these three (3) cases by court-appointed attorney, Tommy LaFon.
On June 2, 2015 at a scheduled Suppression Hearing and subsequent Jury Trial, of which both proceedings were suspended indefinitely with a show of insufficient cause for such being the new case only just added to Plaintiff, Overille Denton Thompson, 14 days prior with no indictment on May 19, 2015. Tommy LaFon then purposefully schedules the Plaintiff's next court appearance for these three (3) cases and the one (1) new case, a total of four (4) cases for Consultation on July 27, 2015. This was done conspiratorially by Tommy LaFon in his relentless campaign to aid and abet State prosecutor (s) for a two prong assault on Plaintiff's liberty in that:

a. Plaintiff's due process in these three (3) cases would again be unnecessarily delayed subsequently remanding Plaintiff to perpetual illegal restraint.

b. This unusually lengthy offset would also provide State prosecutor (s) sufficient time to:

(i) correct the convoluted Complaint, for which Plaintiff was wrongly charged on May 19, 2015 for the offense of Murder in the new allegation, Case No. 1468823, brought with no material facts just mere accusation and conflicting circumstantial/hearsay evidence, and

(ii) indict Plaintiff in the new case, for which Plaintiff had requested an examining trial to impeach the charge, of which Tommy LaFon possessed ample time to assert with 73 days pre-indictment from June 2, 2015.

4. Two months later on July 27, 2015 at Consultation for the four (4) cases, at which time Plaintiff, Overille Denton Thompson, still had not been indicted in the new case, Tommy LaFon demonstrated further his conspiracy with State prosecutor(s) in that:

a. Tommy LaFon again shows his true intent to not suppress State's evidence by instead of reasserting Plaintiff's right to such, he instead files a useless motion to bring forward the Confidential Informant in these three (3) old cases, of whom had already just willfully come forward in the new case, a fact that suggests that obviously State prosecutor(s) gave the green light for this action due to its harmlessness of State's cause.

b. Tommy LaFon purposefully offsets the Plaintiff's next court appearance for August 31, 2015 to allow the State more time to indict before an examining trial, of which was again requested by Plaintiff but there exists no record of submission.

5. Plaintiff, Overille Denton Thompson, has inserted paragraph 3 and 4 to offer the Court first, a brief glimpse at the contempt shown for his constitutional and statutory rights in the 185th Judicial District Court of Harris County, Texas under the direction of Defendant, Susan Brown, and second, to make plain his clear right to relief in these three (3) cases. The accounts are factual and supported by record.

6. On August 20, 2015, Plaintiff, Overille Denton Thompson, made submission to trial court a comprehensive application for writ of habeas corpus for each of these three (3) cases individually. In all of the documents Plaintiff complains about his illegal oppressive detention due to:

a. The untruthfulness of the AFFIDAVIT of Bryan A. Davis, and

b. Court-appointed attorney, Tommy LaFon's purposeful misrepresentation and conspiratorial efforts as to aid and abet State prosecutor(s) to:

(i) keep Plaintiff unfairly remanded to illegal custody while the State conducts an on-going investigation of the new allegation, which Plaintiff was unlawfully charged and now indicted as of August 14, 2015 still with insufficient probable cause, and

(ii) compel Plaintiff to unlawfully compare evidence against himself in new allegation.

7. The response triggered from the preceding August 20th submissions came on August 31, 2015 in open court during confrontation between Plaintiff Overille Denton Thompson and Defendant Susan Brown that resulted in the following:

a. Defendant gaining undeniable, clear full knowledge of Plaintiff's grounds for his illegal restraint described in detail in Plaintiff's comprehensive applications for writ of habeas corpus for the three (3) cases.

b. Defendant's circuitous admission of delaying Plaintiff's right to due process of law in these three (3) cases by not issuing the writ as lawfully prescribed and following basic guiding principles of law.

C. Defendant's circuitous acknowledgement of receipt of Plaintiff's comprehensive applications for writ of habeas corpus for each of these three (3) cases by:

(i) referring to the applications as motions, and

(ii) her removal of court-appointed attorney, Tommy LaFon, which Defendant falsely claims was not done because of anything Plaintiff wrote, contrary to the truth which is in fact that, Tommy LaFon was removed, or allowed to move, because of exactly the complaints made by the Plaintiff in writing, specifically those cited in Plaintiff's comprehensive applications.

8. Because of Defendant Susan Brown's acknowledgement of receipt of Plaintiff Overille Denton Thompson's August 20th submissions of application for writ of habeas corpus in these three (3) cases, and now Defendant's undeniable, clear full knowledge of the constitutional and statutory violations of Plaintiff's rights, Plaintiff now files this Application for Writ of Habeas Corpus to hold Defendant liable for contempt of court and appropriate fines for such, because through open court transcript for August 31, 2015 and other court records, the Judges of this most Venerable Body will find that not only has the Defendant disobeyed writ, but through circuitous retort has given probable cause to suggest that she will continue to act in this unjust and unprofessional manner, thus leading to the inevitable conclusion that by not acting on or following basic guiding principles of law in these matters, and by being the primary officer responsible for Plaintiff's oppressive illegal restraint, perhaps Defendant too is in league with State prosecutor(s) and indeed the unlawful acts of tampering by Tommy LaFon does in fact stem from Defendant's deliberate direction.

9. Plaintiff has provided in Appendix an affidavit to satisfy the Court's exhibit requirement because copies of the documents in question cannot be hereto attached by Plaintiff who no longer has access to such due his confinement, but evidence of their submission can be obtained by accessing the website of Chris Daniel, Harris County District Clerk, and court record of the 185th Judicial District Court of Harris County, Texas; further at approximately the same time Chris Daniel, Harris County District Clerk, was mailed Ex parte, Overille Denton Thompson's

Application for Writ of Habeas Corpus serving the 185th Judicial District Court on August 20, 2015, copies of the same were sent to Abel Acosta, Clerk of the Court of Criminal Appeals, as evidence of such.

10. Plaintiff, Overille Denton Thompson, would also show the Court for Case No. 1468823 that a comprehensive application for writ of habeas corpus was served on the 185th Judicial District Court of Harris County, Texas on September 1, 2015 for the matter of which Defendant, Susan Brown, insists be held prevalent, thus the Defendant should possess no other reason to not move forward in all of Plaintiff's cases. Evidence of this submission has been mailed to both Abel Acosta, Clerk of the Court of Criminal Appeals, and the State Commission on Judicial Conduct.

11. Therefore, the Court should recognize that all of the above facts presented by Plaintiff, Overille Denton Thompson, are true and supported by record, and that Defendant Susan Brown's failure to obey writ is an action affecting the course of an official proceeding that is Plaintiff's due process, which in coalition with Defendant's clear full knowledge of the falsity of the document that has culminated in Plaintiff's illegal restraint in these three (3) cases, makes the Defendant by legal definition not only guilty of contempt of court but also a criminal act of tampering.

## Argument

1. In the absence of this Application for Writ of Habeas Corpus, Plaintiff, Overille Denton Thompson, has no other remedy at law in that:

   a. Defendant Susan Brown's refusal to execute writ has left Plaintiff unlawfully restrained and freedom of speech effectively denied him in these matters pursuant to Article 598 and Article I §12, §3, §3a, §8, §10, §13 and §19 of the Texas Constitution, the First, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, and Article 11.60, 11.46, 11.43, 11.40, 11.01, 11.05, 11.10, 11.11, 11.15, and 38.23 of the Texas Code of Criminal Procedure.

   b. Plaintiff has no method but through appellate court to charge Defendant for contempt of court and collect the designated $50 a day Defendant is to be fined in this civil action, which is to be made payable to Plaintiff for each day of illegal detention after service of writ pursuant to Article 5 §5 of the Texas Constitution, and Article 11.60 and 11.35 of the Texas Code of Criminal Procedure.

2. On August 31, 2015 in open court, Defendant Susan Brown's circuitous acknowledgement of receipt of Plaintiff's comprehensive applications for writ of habeas corpus has demonstrated full clear knowledge of not only court-appointed attorney Tommy LaFon's purposeful inadequate counsel, but also most importantly, the fabricated physical evidence that has culminated into Plaintiff's illegal restraint, namely the AFFIDAVIT of Bryan A. Davis. Defendant now possessing such knowledge and using such to affect the outcome of Plaintiff's pending criminal procedure or due process, unwittingly or not, is aiding and abetting State prosecutor(s) to keep Plaintiff unfairly remanded to custody in these three (3) cases, thereby in fact making the Defendant, herself, guilty of a criminal act of tampering pursuant to Texas Penal Code §37.09 and §37.10.

3. Defendant Susan Brown's failure to issue writ demonstrates a clear abuse of discretion and guiding principles of law that violate Plaintiff Overille Denton Thompson's rights pursuant to the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, Article 588 and Article I §12, §3, §3a, §8, §9, §10, §13, and §19 of the Texas Constitution, Article 11.01, 11.05, 11.10, 11.11, 11.15, 11.40, 11.43, 11.46, and 38.23 of the Texas Code of Criminal Procedure, and Texas Penal Code §37.09 and §37.10.

4. Plaintiff, Overille Denton Thompson, has a right to a speedy adjudication of that which has him illegally detained analysis adopted in Ex parte Ramzy (Sup. 1968) 424 S.W. 220, Habeas Corpus key 207.

5. Mc Gee v. State (Tex. Crim. App. 1986) 711 S.W. 2d 257 (held that the trial court was bound to comply with the mandatory language of the statute.)

6. This Application for Writ of Habeas Corpus is a civil remedy and jurisdiction of such is given the appellate court, regardless of whether prisoner is detained under civil or criminal process analysis adopted in Harbison v McMurray (Sup. 1942) 138 Tex. 192, 158 S.W. 2d 284 Habeas Corpus key 202.

7. A judge has no discretion to ignore statutory requirements. Edward v. State 10 S.W. 3d 699 (1999)

<u>Prayer</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Averille Denton Thompson, prays this Court in its wisdom grant relief in this matter by first, holding Defendant, Susan Brown, Honorable Judge of the 185th Judicial District Court of Harris County, Texas, in contempt of court and fine her appropriately in civil suit brought by Plaintiff $50 [multiplied by 3] for each of these three (3) cases for a total of $150 for each day of illegal detention and restraint starting from Plaintiff's first petition for writ of habeas corpus for bond reduction served on May 29, 2015, and second, grant to Plaintiff any other relief in these three (3) cases he is entitled.

Respectfully submitted,

Averille D. Thompson, /su

Plaintiff

## VERIFICATION

STATE OF TEXAS
COUNTY OF HARRIS

Overille Denton Thompson, being duly sworn, under oath says:

"I am the applicant in this action and know the contents of the above Application for Writ of Habeas Corpus, and according to my belief, the facts stated in the Application are true."

L. JAMES
Notary Public
STATE OF TEXAS
Commission Exp. OCT. 29, 2017

_____
Signature of Applicant

SUBSCRIBED AND SWORN TO BEFORE ME THIS 3 DAY OF September

_____
Signature of Notary Public

Case No. 1445929
1445930
1446657

Ex parte,

Overille Denton Thompson,

Plaintiff,                                          The Court of

v.                                              Criminal Appeals

Susan Brown,                                    Austin, Texas

Defendant.

## Certificate of Service

I, Overille Denton Thompson, certify that on September 11, 2015, a true copy of an application for writ of habeas corpus has been served on the Court of Criminal Appeals in Austin, Texas by U.S. Mail.

*Overille D. Thompson, Jr.*

Overille Denton Thompson, Jr.

Case No. 1445929

1445930

1446657

Ex parte,

Overille Denton Thompson,

Plaintiff,                                                    The Court of

v.                                                           Criminal Appeals

Susan Brown,                                                 Austin, Texas

Defendant.

## Certificate of Compliance

Plaintiff, Overille Denton Thompson submits this, his Certificate of Compliance in the above-captioned cause numbers having served an application for writ of habeas corpus on the Court of Criminal Appeals in Austin, Texas and hereby certifies that the number of words in the Application is 2,802.

## Appendix

1. Article I §3 of the Texas Constitution. EQUAL RIGHTS. All free men, when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services.

2. Article I §3a of the Texas Constitution. EQUALITY UNDER THE LAW. Equality under the law shall not be denied or abridged because of sex, race, color, creed, or national origin. This amendment is self-operative.

3. Article I §8 of the Texas Constitution. FREEDOM OF SPEECH AND PRESS; LIBEL. Every person shall be at liberty to speak, write or publish his opinions on any subject being responsible for abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech....

4. Article I §9 of the Texas Constitution. SEARCHES AND SEIZURES. The people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures or searches, and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation.

5. Article I §10 of the Texas Constitution. RIGHTS OF ACCUSED IN CRIMINAL PROSECUTIONS. In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury. He shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof. He shall not be compelled to give evidence against himself, and shall have the right to be heard by himself or counsel, or both....

6. Article I §12 of the Texas Constitution. HABEAS CORPUS. The writ of habeas corpus is a writ of right, and shall never be suspended. The Legislature shall enact laws to render the remedy speedy and effectual.

7. Article I §13 of the Texas Constitution. EXCESSIVE BAIL OR FINES; CRUEL AND UNUSUAL PUNISHMENT; REMEDY BY DUE COURSE OF LAW. Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted.

8. Article I §19 of the Texas Constitution. Deprivation of Life, LIBERTY, ETC.; DUE COURSE OF LAW. No citizen of this state shall be deprived of life, liberty, privileges or immunities, or in any manner disenfranchised, except by the due course of the law of the land.

9. Article 5 §5 (c) of the Texas Constitution. JURISDICTION OF COURT OF CRIMINAL APPEALS; TERMS OF COURT; CLERK. Subject to such regulations as may be prescribed by law, the Court of Criminal Appeals and the Judges thereof shall have the power to issue the writ of habeas corpus, and in criminal law matters, the writs of mandamus, procedendo, prohibition, and certiorari. The Court and the Judges thereof shall have the power to issue such other writs may be necessary to protect its jurisdiction or enforce its judgements. The court shall have the power upon affidavit or otherwise to ascertain such matters of fact as may be necessary to the exercise of its jurisdiction.

10. Article 5.98 of the Texas Constitution JURISDICTION OF DISTRICT COURT. District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body. District Court judges shall have the power to issue writs necessary to enforce their jurisdiction.

11. Article 11.01 of the Texas Code of Criminal Procedure. WHAT WRIT IS. The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty. It is an order issued by a court or judge of competent jurisdiction, directed to any one having a person in his custody, or under his restraint, commanding him to produce such person, at a time and place named in the writ, and show why he is held in custody or under restraint.

12. Article 11.05 of the Texas Code of Criminal Procedure. BY WHOM WRIT MAY BE GRANTED. The Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts, have power to issue the writ of habeas corpus; and it is their duty upon proper motion, to grant the writ under the rules prescribed by law.

13. Article 11.10 of the Texas Code of Criminal Procedure. PROCEEDINGS UNDER THE WRIT. When motion has been made to a judge under the circumstances set forth in the two preceding Articles, he shall appoint a time when he will examine the cause of the applicant, and issue the writ returnable at that time, in the county where the offense is charged in the indictment or information to have been committed. He shall also specify some place in the county where he will hear the motion.

14. Article 11.11 of the Texas Code of Criminal Procedure. EARLY HEARING. The time so appointed shall be the earliest day which the judge can devote to hearing the cause of the applicant.

15. Article 11.15 of the Texas Code of Criminal Procedure. WRIT GRANTED WITHOUT DELAY. The writ of habeas corpus shall be granted without delay by the judge or court receiving the petition, unless it be manifest from the petition itself, or some documents annexed to it, that the party is entitled to no relief whatever.

16. Article 11.35 of the Texas Code of Criminal Procedure. FURTHER PENALTY FOR DISOBEYING WRIT. Any person disobeying the writ of habeas corpus shall also be liable to a civil action at the suit of the party detained and shall pay in such suit fifty dollars for each day of illegal detention and restraint, after service of the writ. It shall be deemed that a person has disobeyed the writ who detains a prisoner a longer time than three days after service thereof, unless where further time is allowed in the writ for making the return thereto.

17. Article 11.40 of the Texas Code of Criminal Procedure. PRISONER DISCHARGED. The judge or court before whom a person is brought by writ of habeas corpus shall examine the writ and the papers attached to it; and if no legal cause be shown for the imprisonment or restraint, or if it appear that the imprisonment or restraint, though at first legal, cannot for any cause be lawfully prolonged, the applicant shall be discharged.

18. Article 11.43 of the Texas Code of Criminal Procedure. PRESUMPTION OF INNOCENCE. No presumption of guilt arises from the mere fact that a criminal accusation has been made before a competent authority.

19. Article 11.46 of the Texas Code of Criminal Procedure. IF PROOF SHOWS OFFENSE. Where, upon an examination under habeas corpus, it appears to the court or judge that there is probable cause to believe that an offense has been committed by the prisoner, he shall not be discharged but shall be committed or admitted to bail.

20. Article 11.60 of the Texas Code of Criminal Procedure. REFUSING TO EXECUTE WRIT. Any officer to whom a writ of habeas corpus, or other writ, warrant or process authorized by this Chapter shall be directed, delivered or tendered, who refuses to execute the same according to his directions, or who wantonly delays the service or execution of the same, shall be liable to fine as for contempt of court.

21. Article 38.23 of the Texas Code of Criminal Procedure. EVIDENCE NOT TO BE USED. (a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case. (b) It is an exception to the provisions of Subsection (a) of this Article that the evidence was obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause.

22. A judge has no discretion to ignore statutory requirements. Edward v. State 10 S.W. 3d 699 (1999)

23. Purpose of writ of habeas corpus is to obtain a speedy adjudication of a person's right to liberation from illegal restraint. Ex parte Ramzy (Sup. 1968) 424 S.W. 2d. 220, Habeas Corpus key 207

24. Eighth Amendment of the United States Constitution. Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

25. Fifth Amendment of the United States Constitution. No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, ...; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law ...

26. First Amendment of the United States Constitution. Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof, or abridging the freedom of speech ...

27. Fourteenth Amendment of the United States Constitution. All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

28. Fourth Amendment of the United States Constitution. The right of the people to be secure in their persons, houses, papers, and effects, against

unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

29. It is rule of federal courts and of those states which do not divide jurisdiction of their appellate courts as to civil and criminal cases, that a habeas corpus proceeding is a civil remedy, as distinguished from a criminal remedy or criminal proceeding, regardless of whether prisoner is detained under civil or criminal process. Harbison v. McMurray (Sup. 1942) 138 Tex. 192, 158 S.W. 2d 284. Habeas Corpus key 202

30. McGee v. State (Tex. Crim. App. 1986) 711 S.W. 2d 257 (held that the trial court was bound to comply with the mandatory language of the statute.)

31. Sixth Amendment of the United States Constitution. In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

32. Texas Penal Code § 37.09. TAMPERING WITH OR FABRICATING PHYSICAL EVIDENCE. (a)(2) A person commits an offense if, knowing that an investigation or official proceeding is pending or in progress, he makes, presents, or uses any record, document, or thing with knowledge of its falsity and with intent to affect the course or outcome of the investigation or official proceeding.

33. Texas Penal Code § 37.10. A person commits an offense if he makes, presents or uses any record, document, or thing with knowledge of its falsity and with intent that it be taken a genuine governmental record.

AFFIDAVIT IN SUPPORT OF WRIT OF HABEAS CORPUS
AND SUBSEQUENT CIVIL ACTION AGAINST DEFENDANT
HONORABLE SUSAN BROWN

STATE OF TEXAS
COUNTY OF HARRIS

I, Plaintiff, Averille Denton Thompson, first being duly sworn depose and say:

1. Plaintiff has filed documents to the Defendant, Honorable Judge Susan Brown, that give Defendant clear full knowledge of:

a. The Ineffective and Insufficient Counsel of Court-appointed Attorney, Tommy LaFon, and

b. The fabricated physical evidence that culminated into Plaintiff's unlawful restraint, namely the AFFIDAVIT of Bryan A. Davis,

All evidence presented by Plaintiff is supported by record.

2. The properly filed documents by Plaintiff to Defendant are as follows:

a. Petition for Writ of Habeas Corpus with supporting affidavit(s),

b. Motion for Evidentiary Hearing with supporting affidavit(s),

Affidavit                                                    Page 19 of 20

c. Motion to Dismiss with supporting affidavit(s), and

d. Plaintiff's comprehensive Application for Writ of Habeas Corpus with supporting affidavit(s).

3. On August 31, 2015 in open court, Defendant by her action of dismissing Court-appointed Attorney, Tommy LaFon, without Plaintiff's direction, did in fact by such action also demonstrate her knowledge of the contents of Plaintiff's properly filed documents listed above, meaning that Defendant possesses clear full knowledge of the evidence that would impeach Plaintiff of these cases, therefore making the Defendant directly responsible for the delays of Plaintiff's due process and oppressive illegal restraint in these cases, because Plaintiff has properly asserted his right to relief.

4. Plaintiff presents this item to satisfy the Court of Criminal Appeals' exhibit requirement, because Plaintiff does not right now have access to copies due his confinement; however evidence of Plaintiff's submissions can be accessed on the website of Chris Daniel, Harris County District Clerk.

L JAMES
Notary Public
STATE OF TEXAS
Commission Exp. OCT 29, 2017

_Orville D. Thompson, Jr._
Name of Affiant

SUBSCRIBED AND SWORN TO BEFORE ME THIS 3 DAY OF September, 2015.

_____
Signature of Notary Public

Affidavit                                                    Page 20 of 20